This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38881**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**TROY QUATTLANDER,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr, LLC
Liane E. Kerr
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his convictions for two counts of criminal sexual penetration of a minor, two counts of criminal sexual contact of a minor, possession of drug paraphernalia, and distribution of sexually oriented materials to a minor. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition and a motion to amend the docketing statement. We hereby deny the motion to amend for the reasons set forth below and we affirm Defendant's convictions.

**Motion to Amend**

**{2}**     Defendant has filed a motion to amend the docketing statement to add a new issue. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely; (2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{3}**     Defendant's motion to amend claims that he received ineffective assistance of counsel. [MIO 1, 12] In order to establish ineffective assistance of counsel, a defendant must show that: "(1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense." *State v. Bahney*, 2012-NMCA-039, ¶ 48, 274 P.3d 134. The burden is on the defendant to show both incompetence and prejudice. *State v. Grogan*, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494. "We review claims of ineffective assistance of counsel de novo." *State v. Dylan J.*, 2009-NMCA-027, ¶ 33, 145 N.M. 719, 204 P.3d 44.

**{4}**     Here, Defendant makes three claims of ineffective assistance: the failure to notify the jury that the cell phone was not locked, failure to pursue a defense theory of retaliation by a witness and failure to demand a more definite statement of facts. [MIO 12] With respect to cell phone access and any retaliation defense, Defendant has not established that the claims were factually developed for purposes of our ability to review them on direct appeal. *See State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review.").

**{5}**     With respect to the bill of particulars claim, Defendant has not shown that he was prejudiced. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). The indictment charged Defendant with having committed multiple sex crimes against Victim between July 12, 2016, and October 30, 2016. [RP 1] Victim, who was five years old at the time, testified the conduct took place when she was spending the night at her father's (Defendant's) home. [DS 3; RP 224] Mother testified that there were only two sleepovers since the couple split up in October 2015. [RP 222] Defendant has not shown that the sleepover dates were so numerous that his defense was deprived adequate notice on which sleepover date fell within the charged period.

**{6}**     To the extent Defendant believes these claims have merit, and wishes to develop an adequate factual record, he may pursue these claims in a habeas proceeding. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a

preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

**Sufficiency Issues in the Docketing Statement**

**{7}** Defendant continues to challenge the sufficiency of the evidence to support his convictions for two counts of criminal sexual penetration of a minor, two counts of criminal sexual contact of a minor, possession of drug paraphernalia, and distribution of sexually oriented materials to a minor. [MIO 6-7]

**{8}** When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{9}** The elements of the six challenged convictions are set forth in the jury instructions. [RP 145-152] We conclude the State presented sufficient evidence to support these elements. Specifically, the incidents occurred on or before July 12, 2016, and October 30, 2016. [DS 3] Victim was five years old at the time, and spending the night at Defendant's home. [DS 3; RP 224] Victim testified that during that visit Defendant licked her vaginal area, made her touch his penis, made her lick his penis, and that Defendant also rubbed her vagina. [DS 3; RP 224-25] The State's evidence also included a videotape of a forensic interview of Victim, which corroborated Victim's testimony. [RP 228] A detective also testified that Defendant made at least a partial confession. [RP 247] The jury was free to reject Defendant's trial testimony, where he denied the conduct in question. [MIO 8] *See State v. Foxen*, 2001-NMCA-061, ¶ 17, 130 N.M. 670, 29 P.3d 1071 (observing that the jury is not obligated to believe the defendant's testimony, to disbelieve or discount conflicting testimony, or to adopt the defendant's version of events).

**{10}** With respect to the distributing charge, Defendant argues that the evidence showed that he merely visited some porn sites on his phone. [MIO 10] However, Victim testified that Defendant showed her images from his cell phone showing people having sex, and the State presented evidence that Defendant had visited pornographic sites on his phone during this time frame. [DS 3] Finally, with respect to the drug paraphernalia conviction, there was testimony that law enforcement found two pipes with marijuana residue in plain view at Defendant's home, and Defendant admitted they were his. [DS 3; RP 236]

**{11}** Based on the foregoing, we affirm.

**{12}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**